**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN JOSE AVILA, | Case No. CV 14-7999 MMM (SS) |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | **DISMISSING FIRST AMENDED** |
| COUNTY OF LOS ANGELES, et al., | **COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | |

**I.**

**INTRODUCTION**

Juan Jose Avila ("Plaintiff"), a California state prisoner proceeding pro se, has filed a First Amended Complaint (the "FAC") alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 8). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such

a complaint, or any portion, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).  For the reasons stated below, the FAC is DISMISSED with leave to amend.

## II.

## ALLEGATIONS OF THE FAC

Plaintiff sues the following individuals and entities in their individual and official capacities: (1) the County of Los Angeles ("County"); (2) the Los Angeles County Sheriff's Department (the "LASD"); (3) the Los Angeles County Sheriff (the "Sheriff"); (4) "O.S.J. Officer Haley" ("Haley"), a sheriff's deputy at Peter J. Pitchess Detention Center ("Pitchess"), where Plaintiff was formerly incarcerated; and (5) twenty unknown deputies assigned to Pitchess (the "Doe Defendants") (collectively "Defendants").  (FAC at 3-4).[1]

Plaintiff complains of his treatment following his detention at Pitchess.[2]  Plaintiff claims that Haley assigned him to the

---

[1] The FAC contained identically numbered pages. For ease of reference, the Court has renumbered the pages consecutively.
[2] Plaintiff does not state whether he was convicted prior to his arrival at Pitchess.  "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Bell v. Wolfish, 441 U.S. 520, 537 (1979).  However, although pretrial detainees' claims "arise under the due process clause,

2

general jail population despite Plaintiff's status as a gang "drop-out," placing him at risk from other inmates. (FAC at 5). Plaintiff further alleges that, following a jail riot in June 2014, Doe Defendants beat Plaintiff, causing severe injuries. (Id.). Plaintiff did not receive medical treatment for several hours and ultimately required transport to a hospital for further treatment. (Id. at 7).

Plaintiff asserts that: (1) Haley's refusal to place Plaintiff in protective custody violated the Eighth Amendment and the Equal Protection Clause; (2) the Doe Defendants "brutally" beat Plaintiff, violating the Eighth Amendment; (3) the Doe Defendants threatened violence if Plaintiff complained of jail conditions, violating Plaintiff's First Amendment rights; (4) the Sheriff's failure to supervise deputies created a "culture conducive to . . . misconduct"; (5) the County failed to provide a safe jail environment, violating the Eighth Amendment; and (6) the LASD failed to provide "clear guidelines" for placing prisoners in protective custody or creating a safe jail environment, violating the Eighth Amendment. (Id. at 5-6). Plaintiff seeks "joint and several" compensatory damages of $3,000,000 and punitive damages of $1,500,000, declaratory relief, and a jury trial. (Id. at 8).

---

the eighth amendment guarantees provide a minimum standard of care for determining [a person's] rights as a pretrial detainee." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014).

3

**III.**

**DISCUSSION**

Under 28 U.S.C. section 1915A(b), the court must dismiss Plaintiff's FAC due to multiple pleading defects. However, the court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, for the reasons stated below, the FAC is DISMISSED with leave to amend.[3]

**A.  Plaintiff's Claims Against The Sheriff, Haley And The Doe Defendants In Their Official Capacity Must Be Dismissed**

Plaintiff sues all Defendants in their individual and official capacities, for monetary damages and declaratory relief. (FAC at 3-4,6). The official capacity claims against the Sheriff, Haley and the Doe Defendants are defective and must be dismissed.

Official capacity claims are "another way of pleading an action against an entity of which an officer is an agent." Hafter v. Melo, 502 U.S. 21, 25 (1991) (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978)).

---

[3] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

4

If a government entity is named as a defendant, it is not only unnecessary and redundant to name individual officers in their official capacity, but also improper. See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008). Here, the County is a named defendant and the Sheriff, Haley and the Doe Defendants are all County employees. Accordingly, Plaintiff's claims against the individual defendants in their official capacity are defective and must be dismissed. Under section 1983, Plaintiff may sue the Sheriff, Haley, and the Doe Defendants only in their "individual" capacities, if he seeks monetary damages against them.

**B. Plaintiff Fails To State Claims Against Haley In His Individual Capacity**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 102 (1976). However, "[t]he Constitution does not mandate comfortable prisons." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state a valid Eighth Amendment claim against a prison official, Plaintiff must show that the alleged constitutional deprivation posed a "substantial risk of serious harm" and that the official showed "deliberate indifference" to Plaintiff's health or safety. See id. at 834 (citations omitted).

A prisoner does not have a constitutional right to receive a particular security classification or to be automatically segregated from other prisoners on the basis of a gang

1 affiliation. See Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir.
2 1997) (no right to particular security classification); Labatad
3 v. Corrections Corp. of Am., 714 F.3d 1155, 1161 (9th Cir. 2013)
4 (cohousing rival gang members, without more, is insufficient to
5 show prison officials' deliberate indifference).

7 Plaintiff does not assert that he was ultimately harmed by
8 his placement in the general population. To the contrary,
9 Plaintiff states that he was subjected to excessive force by the
10 Doe Defendants following a riot over jail conditions, not
11 attacked by fellow inmates. (FAC at 5-6). Accordingly,
12 Plaintiff does not show that his assignment placed him at risk,
13 as nothing happened to him as a result of this assignment, and
14 his Eighth Amendment claim against Haley must be dismissed.
15 Leave to amend is granted, however.

17 Plaintiff also fails to state an equal protection claim. To
18 state such a claim under section 1983, a plaintiff must
19 ordinarily show that "the defendants acted with an intent or
20 purpose to discriminate against the plaintiff based upon
21 membership in a protected class." Lee v. Los Angeles, 250 F.3d
22 668, 686 (9th Cir. 2001). Here, Plaintiff asserts that Haley's
23 refusal to place him in protective custody violated his right to
24 equal protection. (FAC at 5). Plaintiff asserts that Haley
25 considered his request for protective custody less urgent because
26 Plaintiff was "classified as a Southern Hispanic" rather than
27 white. (Id.). However, Plaintiff alleges that he sought
28 protective custody not on the basis of his race but because of

his alleged former gang membership. (Id.). Accordingly, his equal protection claim must be dismissed. Leave to amend is granted, however.

### C. **Plaintiff Fails To Allege A Valid First Amendment Claim**

Plaintiff also fails to state a valid First Amendment claim. Prisoners "have a First Amendment right to file prison grievances." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of clearly established law." Id. (citation and internal quotation marks omitted). A First Amendment claim for retaliation against a prisoner must include "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id.

Plaintiff alleges that the Doe Defendants violated his First Amendment rights by threatening that Plaintiff would "disappear" if he filed a prison grievance based on the use of force. (FAC at 7). However, Plaintiff alleges that he nevertheless filed a grievance "later that day." (Id.). Plaintiff includes a copy of his grievance in the exhibits accompanying his FAC. (Id. at 9). It is therefore clear that the alleged threats did not chill Plaintiff's exercise of his First Amendment rights. As

Plaintiff's pleading directly contradicts the fourth element of a First Amendment claim, this claim is defective and must be dismissed.

The Court notes that Local Rule 19-1 provides that "[n]o complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties." C.D. Cal. R. 19-1. Plaintiff names twenty such DOE defendants. (FAC at 4). Accordingly, the excessive "Doe" allegations are in violation of the Local Rules.

### D. **Plaintiff Fails To State A Claim Against The Sheriff In His Individual Capacity**

Plaintiff asserts that the Sheriff's failure to supervise Haley and the Doe Defendants created a "culture" conducive to constitutional violations. (FAC at 5). Because vicarious liability is inapplicable to section 1983 suits, however, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The plaintiff must establish either the official's personal participation or "a sufficient causal connection" between the official's conduct and the alleged constitutional violation. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

1    Plaintiff is suing the Sheriff in his individual capacity
2 (FAC at 3-4) but does not assert that the Sheriff personally
3 participated in violating Plaintiff's constitutional rights.[4]
4 Moreover, Plaintiff does not identify any specific failures by
5 the Sheriff, identify specific employees whom the Sheriff failed
6 to supervise, or describe the resulting "culture" in detail
7 sufficient to explain the basis for his claim.  As such, he fails
8 to show a causal connection between the Sheriff's alleged action
9 or inaction and any constitutional violations.  Accordingly,
10 Plaintiff's claims against the Sheriff in his individual capacity
11 must be dismissed.  Leave to amend is granted, however.
12
13 **E.    Plaintiff Fails To State A Claim Against The County**
14
15    Although there is "no constitutional impediment to municipal
16 liability," Monell, 436 U.S. at 690 n.54, a local government unit
17 may not be held responsible for the acts of its employees under a
18 respondeat superior theory of liability.   Monell, 436 U.S. at
19 691.  To assert a valid section 1983 claim against the County,
20 Plaintiff must show both a deprivation of constitutional rights
21 and a departmental policy, custom or practice that was the
22 "moving force" behind the constitutional violation.  Villegas v.
23 Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008).
24 There must be "a direct causal link between a [County] policy or

---

[4] John L. Scott was Interim Sheriff when Plaintiff's claims arose in June 2014 and when Plaintiff filed his FAC on November 24, 2014.  (See FAC at 3, 8).  See Biography at LASD website, http://sheriff.lacounty.gov/wps/portal/lasd (last visited Feb. 20, 2015).  In any amended complaint, Plaintiff should identify, to the extent possible, any party sued in an individual capacity.

9

custom and the alleged constitutional deprivation." See id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Proof of a single incident of unconstitutional activity, or even a series of "isolated or sporadic incidents," is insufficient to impose liability under section 1983. Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014) (quoting Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985)). Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff asserts that the County violated his Eighth Amendment rights "by failing to provide a reasonably safe environment for [P]laintiff's detention." (FAC at 6). However, Plaintiff does not identify a policy, custom or practice that led the unsafe jail conditions. The single incident giving rise to Plaintiff's alleged injuries is insufficient to establish that such a policy existed. Moreover, as already discussed, the County may not be held liable for the acts of its employees under a respondeat superior theory of liability. See Monell, 436 U.S. at 691. Accordingly, Plaintiff fails to state a valid Monell claim against the County. Leave to amend is granted, however.

**F. The LASD Is An Improper Defendant**

Plaintiff alleges that the LASD failed to provide clear guidelines for placing prisoners in protective custody and to

10

1   provide a reasonably safe jail environment. (FAC at 6). To gain
2   relief under section 1983, a plaintiff must plead: "(1) a
3   violation of rights protected by the Constitution or created by
4   federal statute, (2) proximately caused (3) by conduct of a
5   'person' (4) acting under color of state law." <u>Crumpton v.</u>
6   <u>Gates</u>, 947 F.2d 1418, 1420 (9th Cir. 1991). However, a police
7   department is not a "person" for the purposes of a section 1983
8   action. <u>See</u> <u>Hervey v. Estes</u>, 65 F.3d 784, 791 (9th Cir. 1995)
9   (police narcotics task force not a "person" or entity subject to
10  suit under section 1983); <u>United States v. Kama</u>, 394 F.3d 1236,
11  1239 (9th Cir. 2005) (Ferguson, J., concurring) (local government
12  departments and bureaus are generally not considered "persons"
13  within the meaning of section 1983). Accordingly, the LASD is
14  not a proper defendant in this action, and Plaintiff's claims
15  against LASD must be dismissed.

**IV.**

**CONCLUSION**

    For the reasons stated above, the FAC is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a **Second Amended Complaint**. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The Second Amended Complaint, if any, shall be complete in itself and shall bear

both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. **Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal</u>**

**Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: February 26, 2015

                                        /S/
                          SUZANNE H. SEGAL
                          UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

**THIS ORDER IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS OR ANY OTHER LEGAL DATABASE.**